# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-4404

———————

Gregge S. Beiermann,

       Appellant,

v.

Linda S. McMahon,[1] Acting
Commissioner, Social Security
Administration,

       Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*
\*   [UNPUBLISHED]
\*
\*
\*

———————

Submitted: January 31, 2007
Filed: February 16, 2007

———————

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

———————

PER CURIAM.

Gregge S. Beiermann appeals the district court's[2] order affirming the denial of supplemental security income and disability insurance benefits. In Beiermann's

—————————

[1]Linda S. McMahon has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rules of Appellate Procedure 43(c).

[2]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

September 2001 applications and related documents, he alleged disability since early 2001 from, inter alia, atypical arthritis, a hearing impairment, fibromyalgia, fatigue, and depression. After a hearing, an administrative law judge (ALJ) determined that Beiermann's severe medically determinable impairments were not of listing-level severity, alone or combined; that Beiermann's testimony about his limitations was not entirely credible; and that while his residual functional capacity (RFC) precluded his past relevant work, he could perform other jobs that a vocational expert identified in response to a hypothetical. The Appeals Council denied review, the district court affirmed, and Beiermann filed the instant appeal.

Having carefully reviewed the record and considered Beiermann's arguments for reversal, we reject his challenges to the ALJ's credibility and RFC findings, and to the sufficiency of the hypothetical. See Hacker v. Barnhart, 459 F.3d 934, 936 (8th Cir. 2006) (standard of review; ALJ's task is to resolve credibility issues and conflicting evidence); Stormo v. Barnhart, 377 F.3d 801, 807-09 (8th Cir. 2004) (in determining RFC, ALJ should consider medical records, observations of treating physicians and others, and claimant's own description of his limitations; hypothetical is sufficient if it sets forth impairments supported by substantial evidence and accepted as true by ALJ). Accordingly, we affirm.

_____